## STATE v ELLIS

Ohio Appeals, 9th Dist, Summit Co.

No. 3174. Decided June 1, 1939.

Alva J. Russell, Pros. Atty., Akron, and Robert Azar, Asst. Pros. Atty., Akron, for appellee.

Emmer Martin Lancaster, Akron, for appellant.

## OPINION

By STEVENS, J.

The appellant in this court was indicted by the grand jury of Summit County and charged in two counts of an indictment with, first, maliciously cutting one Julius Marcus with intent to kill him, and, second, maliciously cutting one Julius Marcus with intent to wound him. Issues were joined by

the plea of the accused, and a jury trial was held in the Court of Common Pleas of Summit County.

After deliberation the jury returned the following verdict: "We * * * do find that the prisoner at the bar is not guilty of **assault** with intent to kill as charged in the first count of the indictment, but we do find him guilty of **assault** with intent to wound as charged in the second count."

Subsequently a journal entry was approved by the trial court and recorded, which in part is as follows: "And after due consideration came again into court (the jury) and returned their verdict, in writing, finding the said defendant guilty of cutting with intent to wound, as charged in the second count of the said indictment, and not guilty of cutting with intent to kill, as charged in the first count thereof." The entry then recorded the pronouncement of the sentence of the accused to the penitentiary.

An appeal on questions of law lodges the cause before this court for review. The following assignments of error are made:

"1. The verdict is not sustained by sufficient evidence and is contrary to law.

"2. For failure of the court to instruct the jury in accordance with requests made after argument.

"3. The verdict of the jury is against the weight of the evidence.

"4. For several errors of law occurring at the trial and to which exceptions were taken by the defendant at the time, and for other errors manifest upon the face of the record."

It is urged before this court that the verdict of the jury which found the defendant guilty of "assault with intent to wound as charged in the second count" of the indictment is "contrary to law, since the finding of the jury is not an offense as defined by the criminal statutes of Ohio."

The statute under favor of which the state indicted and prosecuted the appellant is as follows:

Sec. 12420 GC:

"Whoever maliciously shoots, stabs, cuts, or shoots at another person with intent to kill, wound or maim such person, shall be imprisoned in the penitentiary not less' than one year nor more than twenty years."

The evidence adduced in the trial established beyond peradventure the fact of the cutting of Julius Marcus by the defendant. In justification for the cutting, the accused urged "self-defense". Some evidence was introduced for the purpose of establishing that claim. An examination of the entire record of the trial, however, is so convincing of the guilt of the accused of the crime charged in the second count of the indictment that it is impossible to believe that the jury by its verdict meant to find anything other than that the accused was guilty of the crime of cutting with intent to wound. The accused on the witness stand in his own defense admitted the cutting, but attempted to justify it by the conduct of his victim.

The trial judge, after properly charging the jury on the offenses of cutting with intent to kill and cutting with intent to wound, charged further on the included offense of assault and battery. He likewise charged on self-defense. There was submitted to the jury a form of verdict covering the included offense of assault and battery, as well as a form of not guilty. The judge did not submit a form of guilty of plain assault, apparently for the reason that a battery was admitted by the accused. There was likewise unfortunately given the jury the form of verdict which was signed and returned, which is the subject of this controversy.

The Supreme Court of this state has decreed that:

"1. Verdicts are to have a reasonable intendment and to have a reasonable construction and are not to be avoided unless from necessity originating in doubt of their import or irresponsiveness to the issues submitted, or unless they show a manifest tendency to work injustice. A verdict is sufficient in form if it decides the question in

issue in such a way as to enable the court intelligently to base a judgment thereon."

**Norman v State of Ohio, 109 Oh St 213.**

It is clear that the jury did not intend to find the accused not guilty and therefore find that he acted in self-defense or was justified in cutting his victim as he did, nor did it intend to find him guilty of assault and battery, because none of those verdict forms were signed and returned; and under the circumstances heretofore related, it is not the province of a reviewing court to strain the language of a verdict to make it result in something other than the clear intent of the jury.

The verdict was general and it found him guilty as charged in the second count of the indictment. We construe the words "assault with intent to wound" as superfluous, and hold that the trial court, in entering the judgment upon the verdict, was justified in so treating them. Surplusage in a verdict must be rejected. The verdict must be treated as a whole and not in separate parts. The maxim "Utile per inutile non vitiatur" is applicable to the instant case.

Consonant with the rule announced in Norman v State of Ohio; supra, the legislature of Ohio enacted, in 1929, §13449-5 GC, the pertinent portion of which reads as follows:

"No motion for a new trial shall be granted or verdict set aside, nor shall any judgment of conviction be reversed in any court * * * for any misdirection of the jury unless the accused was or may have been prejudiced thereby; nor for any other cause whatsoever unless it shall affirmatively appear from the record that the accused was prejudiced thereby or was prevented from having a far trial."

The Supreme Court of this state in **State v Moon, 124 Oh St 465,** has decreed the provisions of this section mandatory in character upon a reviewing court.

In the case at bar, the record does not reveal a misdirection of the jury except in the submission to it by the trial court of a form of verdict which was technically incorrect. We do not feel that the accused was "prejudiced thereby," nor are we of the judgment that it "affirmatively appears from the record" that the accused was prevented from having a fair trial.

We have carefully examined the remaining claimed errors urged in argument and brief, and find no prejudicial error in the record. The accused was accorded a fair trial. We believe from the evidence he was properly convicted of the offense of cutting with intent to wound, as revealed by the journal entry of judgment recorded by the trial court, based upon the verdict returned by the jury.

The judgment is affirmed.

WASHBURN, PJ. & DOYLE, J., concur.